UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CRISTINA B.,                                    Case No. 26-CV-1450 (PJS/DLM)

    Petitioner,

v.                                              ORDER

PAMELA BONDI, Attorney General;
SECRETARY, U.S. Department of Homeland
Security; TODD M. LYONS, Acting Director
of Immigration and Customs Enforcement;
and DAVID EASTERWOOD, Acting
Director, St. Paul Field Office Immigration
and Customs Enforcement,

    Respondents.

---

Robert T. Scott, FLAHERTY & HOOD, P.A.; and Alexandra Fitzsimmons, CHILDREN'S DEFENSE FUND MINNESOTA, for petitioner.

Matthew Isihara, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Cristina B.'s petition for a writ of habeas corpus.[1]  Cristina, a citizen of Mexico, entered the United States on August 10, 2021.[2]  V. Pet. ¶ 16; ECF No. 5-1 at 6; ECF No. 6 at 3.  The following day, Cristina was

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initial.

[2]Respondents submitted a number of documents in support of their response, but failed to offer a declaration or any other means to authenticate those documents. *See* Fed. R. Evid. 901(b)(7) (describing evidence necessary to authenticate public

(continued...)

paroled into the United States and issued a Notice to Appear for removal proceedings, with a hearing scheduled for August 9, 2022.  ECF No. 5-1 at 1.

Immigration and Customs Enforcement ("ICE") terminated Cristina's parole on August 31, 2021, pursuant to 8 C.F.R. § 212.5(e)(2)(i).[3]  ECF No. 5-1 at 6.  At the same time, ICE "[r]eleased [her] from ICE custody on the following condition(s) . . . Personal Recognizance."  *Id.* at 5.  The release notice included a reminder "of the requirements contained in section 239(a)(1)(F)(ii) of the Immigration and Nationality Act [8 U.S.C. § 1229(a)(1)(F)(ii)] ."  *Id.*  Section 1229(a) governs the content of a Notice to Appear "[i]n removal proceedings under section 1229a of this title."  8 U.S.C. § 1229(a)(1).

---

[2](...continued)
records).  To make matters worse, the documents (and respondents' brief) contain factual discrepancies.  *See, e.g.*, ECF No. 5-1 at 6 (document dated August 31, 2021, stating that Cristina was paroled into the United States on August 10, 2022); ECF No. 5 at 1 (stating that Cristina entered the United States on August 11, 2021, and her parole was terminated on August 31, 2021); *id.* at 2 (stating that Cristina was paroled into the United States "for a period of one year").

Nevertheless, Cristina generally does not seem to dispute the authenticity of the documents submitted by respondents, save for the arrest warrant.  Accordingly, the Court relies on those documents (not including the arrest warrant), as well as the verified petition and the timeline that Cristina set forth in her traverse, ECF No. 6, to reconstruct what seems to be the generally undisputed factual background.

[3]Section 212.5(e)(2)(i) permits the termination of parole "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States."

Since then, Cristina has lived and lawfully worked in the United States.  Cristina possesses a current employment-authorization document from ICE and has a pending application for asylum.  V. Pet. ¶¶ 22–23.  She is not subject to a final order of removal. *Id.* ¶ 22.  On February 15, 2026, ICE arrested Cristina as she was heading to her job at an Amazon delivery station.  *Id.* ¶ 25.  Cristina alleges that she was arrested without a warrant.  *Id.*

Respondents contend that Cristina is subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  That provision establishes expedited-removal procedures for aliens who either (1) are "arriving in the United States" or (2) "ha[ve] not been admitted or paroled into the United States" nor been physically present in the United States for at least two years.  8 U.S.C. § 1225(b)(1)(A)(i), (iii).  Such aliens are ordered removed without further hearing or review unless they indicate an intent to apply for asylum or a fear of persecution.  *Id.* § 1225(b)(A)(1)(i).  If the alien indicates such an intent or fear to an immigration officer, the immigration officer refers the alien for an interview with an asylum officer.  *Id.* § 1225(b)(1)(A)(ii).  If the asylum officer finds that the alien has a credible fear of persecution, then the alien is detained for further consideration of her asylum application.  *Id.* § 1225(b)(1)(B)(ii).  If the asylum officer finds no credible fear of persecution, the alien is removed without further hearing or review.  *Id.* § 1225(b)(1)(B)(iii)(I).

Respondents' contention that Cristina is subject to mandatory detention under § 1225(b)(1) is meritless.  Cristina has been in full removal proceedings under 8 U.S.C. § 1229a—*not* expedited proceedings under § 1225(b)(1)—for over four years.  After her parole was terminated on August 31, 2021, ICE released Cristina on her own recognizance and issued her a Notice to Appear pursuant to 8 U.S.C. § 1229(a).  Having been placed into such proceedings, Cristina is not subject to the detention procedures connected with expedited removal under § 1225(b)(1).

To the extent that respondents may contend that Cristina is subject to mandatory detention under § 1225(b)(2), the Court also disagrees.  Numerous recent cases in this District and around the country have challenged the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).  Respondents' argument to the contrary has some force.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026) (adopting the government's reading of § 1225(b)(2)).  But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens who entered without inspection and are already present and living in the United States.[4]  *See*

---

[4]The Court notes that respondents' arguments to the contrary are preserved for

(continued...)

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (explaining that, in the context of § 1225, an "applicant for admission" is not synonymous with a person "seeking admission").

The Court recognizes that, because Cristina appears to have entered the United States after inspection, Cristina's situation is distinguishable from the situations in *Santos M.C.* and similar cases.  But the fact remains that, to be subject to mandatory detention under § 1225(b)(2), Cristina must not only be an "applicant for admission," but also "seeking admission."  *See Castañon-Nava*, 161 F.4th at 1060–62.  As Cristina has been present in the United States since August 2021, she is not "seeking admission"; she is already here.  The fact that Cristina has a pending asylum application does not change the result.  *See Luis P. v. Bondi*, 26-CV-1144 (PJS/SGE), ECF No. 5 at *2–3 (D. Minn. Feb. 11, 2026) (holding that a pending asylum application does not mean that an immigrant already present in the United States is "seeking admission"); *Neftali L. v. Brott*, Case No. 26-CV-0145 (PJS/SGE), ECF No. 10 at *2–3 (D. Minn. Jan. 17, 2026) (same); *Ilmer D. v. Bondi*, Case No. 26-CV-0115 (PJS/DJF), ECF No. 7 at *3 (D. Minn. Jan. 15, 2026) (same).  The Court therefore holds that Cristina is not subject to mandatory detention under § 1225(b)(2).

---

[4](...continued)
appeal.

Cristina does not dispute that she could be detained under § 1226(a), which affords the possibility of a bond hearing.  But an arrest warrant is a prerequisite to detention under § 1226(a).  8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (holding that an arrest warrant is a prerequisite to detention under § 1226(a)); *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) ("If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." (quoting § 1226(a))).

Respondents contend that Cristina was arrested pursuant to a warrant.  As noted, however, the warrant that respondents attached to their response is not authenticated, and respondents therefore have offered no evidence to contradict Cristina's sworn statement (in her verified petition) that she was arrested without a warrant.[5]  V. Pet. ¶ 25.  The Court therefore grants Cristina's petition and orders her release.

---

[5]Setting that aside, respondents have also failed to offer a declaration from anyone with personal knowledge concerning the preparation and alleged execution of the warrant.  *See Ruallamd L. v. Bondi*, No. 26-CV-1279 (PJS/EMB), ECF No. 8 (D. Minn. Feb. 19, 2026) (finding that the petitioner was arrested without a warrant based on the lack of such evidence).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY ORDERED THAT:

1.      Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED

        IN PART.

2.      Respondents must release petitioner from custody by 6:00 pm on Tuesday,

        March 10, 2026.  If petitioner is not in Minnesota, respondents must first

        return petitioner to Minnesota before releasing her.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 8, 2026

Patrick J. Schiltz, Chief Judge
United States District Court